UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARLTON MARBURY, | ) | CASE NO. 1:10 CV 366 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ALICE CAIN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Carlton Marbury filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI") Health Care Administrator Alice Cain and MANCI Dr. Airaldi. In the complaint, plaintiff alleges that the defendants failed to initially recognize that his injured finger was broken. He seeks monetary damages.

**Background**

The Complaint contains very few factual allegations. Mr, Marbury states he injured his finger on June 30, 2008. He was examined by Dr. Airaldi for several medical conditions, including the injury to his finger. Dr. Airaldi initially told Mr. Marbury the finger was swollen, but not broken. He was told to apply ice. Mr. Marbury continued to complain of pain and was seen for a second time fifteen days later. At that time, x-rays were taken of the finger which revealed a fracture. Mr. Marbury claims that both Dr. Airaldi and Ms. Cain failed to properly diagnose and treat his injury. He further contends they failed to properly document his injury at his initial visit.

Mr. Marbury filed a "Motion to Amend Complaint to add Defendant Rhonda Burke" on April 30, 2010. The Motion indicates that Ms. Burke is a nurse. She examined his finger and during the examination asked him to squeeze her hand using the hand with the injured finger. He claims she helped to prepare the documentation of his visit for his medical file. He contends this report did not reflect the severity of the injury to his finger. He claims she violated his Eighth Amendment rights.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

This action represents the second time Mr. Marbury has asserted these claims against Ms. Cain and Dr. Airaldi. He filed Marbury v. Hicks, Case No. 1:09 CV 407 (N.D. Ohio filed February 23, 2009)(Gaughan, J.) against multiple defendants, including Ms. Cain and Dr. Airaldi. The claims against Ms. Caine and Dr. Airaldi were dismissed on July 1, 2009. The Court

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

determined that the alleged actions of these defendants could, at best, be considered negligent. They did not reasonably suggest deliberate indifference.  Mr. Marbury filed a Motion for Reconsideration which was denied.  He filed two Motions for Leave to Amend the Complaint, on January 14, 2010 and February 8, 2010 respectively, to reinstate his claims against Ms. Cain and Dr. Airaldi.  Those Motions were denied.  Mr. Marbury has now attempted to initiate a new action to raise the claims that were dismissed by Judge Gaughan.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case.  Plaintiff is therefore precluded from raising these claims against Ms. Cain and Dr. Airaldi for a second time.

While the claims against Nurse Burke were not asserted in Case No. 1:09 CV 407, they are also subject to dismissal.  In order to establish a claim for inadequate medical care under the Eighth Amendment,  plaintiff must demonstrate that the defendants acted with deliberate indifference to his serious medical needs.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind

3

that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). Both Ms. Caine and Dr. Airaldi initially diagnosed Mr. Marbury's finger as swollen but not broken. He was told to apply ice as needed. Ms. Burke documented the initial examination for his medical file. An x-ray taken two weeks later revealed that the initial diagnosis was incorrect. There are no facts alleged in the instant complaint, even liberally construed, reasonably suggesting the sort of deliberate action necessary to give rise to a valid Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A violation is not established simply by applying the epithets "willful" and "malicious" to the allegations. Coyne v. City of Sommerville, 972 F.2d 440, 445 (1st Cir. 1992).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] Furthermore, the Court notes that Mr. Marbury has been declared to be a vexatious litigant in Case No. 1:09 CV 407, which is still pending before Judge Gaughan. Mr. Marbury is

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

advised that this Court will not accept or entertain any post judgment Motions in this case.

       IT IS SO ORDERED.


Dated: June 24, 2010                      *s/     James S. Gwin*
                                                             JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE