UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
CARLTON MARBURY,                                    : CASE NO. 1:10-CV-00366
                                                    :
       Plaintiff,                                   :
                                                    :
vs.                                                 : OPINION & ORDER
                                                    : [Resolving Doc. No. 18]
                                                    :
ALICE CAIN and DR. AIRALDI,                         :
                                                    :
       Defendants.                                  :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Carlton Marbury filed a "Motion for Relief from Judgment Pursuant to Civil Rule 60(b)" [Doc. 18] on March 21, 2011 to ask this Court to overturn his state court conviction and grant him a new trial. For the following reasons, the Motion is **denied**.

    Plaintiff filed this action on February 18, 2010 asserting the Defendants violated his Eighth Amendment right by failing to properly diagnose a fracture to his finger. Thereafter, the Court issued its Memorandum & Order dismissing the action because it was barred by the doctrine of *res judicata*. [Doc. 9]. Plaintiff filed an Appeal of that decision to the Sixth Circuit Court of Appeals on September 1, 2010. The appeal was dismissed as untimely. [Doc. 17]. Plaintiff now has filed a Motion to Alter or Amend Judgment, pursuant to Federal Rule of Civil Procedure 60(b). He does not seek relief from the judgment in this case, but instead seeks relief from his state court criminal conviction.

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial Complaint. Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion therefore deals with some irregularity or procedural defect in the procurement of the judgment denying relief. *See Abdur'Rahman v. Bell*, 392 F.3d 174, 179-80 (6th Cir. 2004)(*overruled* on other grounds). It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001).

Plaintiff does not assert he is entitled to relief from the judgment in this civil rights case based on any of the criteria set forth above. Instead, he is using this Motion to challenge his criminal conviction. He claims the rules of criminal procedure do not provide a remedy similar to Federal

Civil Rule 60(b). He contends that Federal Criminal Rule 57(b) permits a litigant to resort to the Federal Rules of Civil Procedure if no similar Rule of Criminal Procedure exists. He therefore files a Rule 60(b) Motion in this action to challenge his criminal conviction in state court.

Plaintiff misreads Criminal Rule 57(b). It permits the Court to regulate the practice of law in any manner not inconsistent with federal law or local rules. It does not provide the litigant with a right to relief that is not available in a criminal action. Furthermore, Rule 57 applies only to federal criminal actions. Plaintiff was convicted in an Ohio state court. The Ohio Rules of Criminal Procedure would apply.

Moreover, Plaintiff cannot file a 60(b) Motion in an unrelated civil case as a substitute for a direct appeal of a state court conviction or a habeas corpus petition. A Rule 60(b) can only offer relief in case in which it is filed. Because Plaintiff does not seek relief from this judgment, the Motion is denied.

For the foregoing reasons, the Court denies Plaintiff's "Motion for Relief from Judgment Pursuant to Civil Rule 60(b)" [Doc. 18].

IT IS SO ORDERED.

Dated: July 25, 2011   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICTJUDGE